IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-03201-CNS-MEH

HAMIN SPELLMAN,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
TRANSUNION, LLC;
EXPERIAN INFORMATION SOLUTIONS INC;
LVNV FUNDING LLC;
MIDLAND FUNDING;
PORTFOLIO RECOVERY ASSOCIATES LLC;
COMENITY BANK;
BARCLAYS BANK DELAWARE;
DISCOVER BANK;
FIRST PREMIER BANK;
MISSION LANE; and
SYNCHRONY BANK NA,

    Defendants.

## ORDER

### I. SUMMARY FOR PRO SE PLAINTIFF

The Court has considered the "Letter" that you filed on May 1, 2023 (ECF No. 44) and has also reviewed and considered the United States Magistrate Judge's Recommendation that your claims be dismissed (ECF No. 43). You did not timely object to the Recommendation as required by rule. Nonetheless, the Court reviewed your "Letter" and for the reasons set forth below, agrees

1

with the Recommendation. Your request for additional time to serve some Defendants is denied and your claims are dismissed.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is timely if it is filed within fourteen (14) days of the recommendation. Fed. R. Civ. P. 72. A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no objection is filed, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

## III. ANALYSIS

Plaintiff filed his complaint in this matter on December 12, 2022 (ECF No. 1). Pursuant to Fed. R. Civ. P 4(m), Plaintiff had ninety (90) days, or until March 13, 2023, within which to effectuate service of process on all Defendants. Plaintiff failed to effectuate service as to Defendants LVNV Funding LLC, Midland Funding, Portfolio Recovery Associates LLC, First Premier Bank, and Mission Lane (the "unserved Defendants"). Plaintiff resolved, and/or stipulated to the dismissal of, his claims against the other Defendants in the case (ECF Nos. 29, 34, 35, 38, 39, 42, and 45)

On March 22, 2023, the Magistrate Judge recommended that Defendant Equifax's Motion to Dismiss (ECF No. 10) be denied as moot, given that Plaintiff and Defendant Equifax had filed a joint stipulation for dismissal (ECF No. 43 (ECF No. 42)). Based on Plaintiff's failure to effectuate service on the unserved Defendants, the Magistrate Judge also recommended, sua sponte, that this Court dismiss Plaintiff's remaining claims against the five unserved defendants, *without prejudice*.

Pursuant to Fed. R. Civ. P. 72, any objection to the recommendation was due on or before April 5, 2023. Plaintiff failed to timely object to the Recommendation but instead belatedly filed a "Letter" on May 1, 2023, seeking additional time to effectuate service on three of the five unserved Defendants (ECF No. 44). Plaintiff made no specific objection to the recommendation, nor did he file a formal motion to extend the time for service of process.

As indicated above, Plaintiff was required to file any objections to the Magistrate Judge's Recommendation within fourteen (14) days of the issuance of the recommendation. Plaintiff failed to do so. Plaintiff, although he is proceeding pro se, must "follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations omitted). Moreover, even if this Court belatedly and liberally construes his "Letter" as a motion for extension of time, it fails to identify any basis to excuse his failure to prosecute this case or timely serve the remaining Defendants. Indeed, it appears that not only did Plaintiff fail to serve the five Defendants listed above, he also failed to appear at the Scheduling Conference (ECF No. 41).

The decision to recommend dismissal of Plaintiff's claims was therefore entirely appropriate and supported by the uncontroverted evidence that Plaintiff failed to prosecute his claims against those Defendants, as required by the Federal Rules of Civil Procedure. Additionally,

Plaintiff has failed to offer good cause for his failure to serve the unserved Defendants in accordance with Rule 4(m), failed to file a timely motion to extend the deadline to serve process, and failed to establish good cause or extenuating circumstances that would warrant additional time to do so. Thus, having found no clear error in the Magistrate Judge's recommendation, and finding that the Recommendation is entirely appropriate given Plaintiff's failure to prosecute this case, the Court AFFIRMS the recommendation.

## IV. CONCLUSION

Equifax's Motion to Dismiss (ECF No. 10) is DENIED as moot. Plaintiff's "Letter" requesting an extension of time to serve the Complaint (ECF No. 44) is DENIED. The United States Magistrate Judge's Recommendation (ECF No. 43) is AFFIRMED and ADOPTED. Plaintiff's claims against the remaining Defendants (Defendants LVNV Funding LLC, Midland Funding, Portfolio Recovery Associates LLC, First Premier Bank, and Mission Lane) are DISMISSED WITHOUT PREJUDICE. The Clerk shall terminate this case.

DATED this 4th day of May 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge